## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH CHIN, Individually And On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| vs. | Civil Action No. 04-CV-10294 |
| PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC., | |
| Defendants. | |

(additional captions to follow)

## DECLARATION OF NANCY KABOOLIAN
## IN SUPPORT OF JEFFREY FOSS' MOTION TO CONSOLIDATE ALL
## RELATED ACTION; TO BE APPOINTED LEAD PLAINTIFF AND FOR
## THE APPROVAL OF HIS CHOICE OF LEAD COUNSEL

MICHELLE TREBITSCH, Individually And On
Behalf of All Others Similarly Situated,

                  Plaintiff,

    vs.                                                    Civil Action
                                                           No. 04-cv-10307
PAUL R. JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M. AHMED,
STEPHEN J. NILL, and SONUS NETWORKS, INC.,

                  Defendants.

---

INFORMATION DYNAMICS, LLC, Individually
And On Behalf of All Others Similarly Situated,

                  Plaintiff,

    vs.                                                    Civil Action
                                                           No. 04-cv-10308
PAUL R. JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M. AHMED,
STEPHEN J. NILL, and SONUS NETWORKS, INC.,

                  Defendants.

---

PETER KALTMAN, Individually And On Behalf of
All Others Similarly Situated,

                  Plaintiff,

    vs.                                                    Civil Action
                                                           No. 04-cv-10309
PAUL R. JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M. AHMED,
STEPHEN J. NILL, and SONUS NETWORKS, INC.,

                  Defendants.

SAMANTHA DEN, Individually And On Behalf of
All Others Similarly Situated,

               Plaintiff,

     vs.

PAUL R. JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M. AHMED,
STEPHEN J. NILL, and SONUS NETWORKS, INC.,

               Defendants.

Civil Action
No. 04-cv-10310

---

STEVE L. BAKER, Individually And On Behalf of
All Others Similarly Situated,

               Plaintiff,

     vs.

PAUL R. JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M. AHMED,
STEPHEN J. NILL, and SONUS NETWORKS, INC.,

               Defendants.

Civil Action
No. 04-cv-10333

---

MICHAEL KAFFEE, Individually And On Behalf of
All Others Similarly Situated,

               Plaintiff,

     vs.

PAUL R. JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M. AHMED,
STEPHEN J. NILL, and SONUS NETWORKS, INC.,

               Defendants.

Civil Action
No. 04-cv-10345

RONALD KASSOVER, Individually And On Behalf
Of The Ronald Kassover IRA And All Others
Similarly Situated,

                             Plaintiff,

         vs.

PAUL R. JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M. AHMED,
STEPHEN J. NILL, and SONUS NETWORKS, INC.,

                        Defendants.

Civil Action
No. 04-cv-10329

---

RICHARD CURTIS, Individually And On Behalf of
All Others Similarly Situated,

                             Plaintiff,

         vs.

PAUL R. JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M. AHMED,
STEPHEN J. NILL, and SONUS NETWORKS, INC.,

                        Defendants.

Civil Action
No. 04-cv-10314

---

HAIMING HU, Individually And On Behalf of All
Others Similarly Situated,

                             Plaintiff,

         vs.

PAUL R. JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M. AHMED,
STEPHEN J. NILL, and SONUS NETWORKS, INC.,

                        Defendants.

Civil Action
No. 04-cv-10346

| | |
|---|---|
| DANIEL WILLIAMS, Individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>        -vs.-<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>                Defendants. | Civil Action No.:<br>04-cv-10359 |
| CHARLES STARBUCK, Individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>        -vs.-<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>                Defendants. | Civil Action No.<br>04-CV-10362 |
| SANUEL HO, Individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>        -vs.-<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>                Defendants. | Civil Action No.<br>04-cv-10363 |

ROBERT CONTE and MARK RESPLER,
Individually and on behalf of all others similarly
situated,

<p style="text-align:center">Plaintiffs,</p>

<p style="text-align:center">-vs.-</p>

PAUL R. JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M. AHMED,
STEPHEN J. NILL, and SONUS NETWORKS, INC.,

<p style="text-align:center">Defendants.</p>

Civil Action No.
04-cv-10382

WHEATON ELECTRICAL SERVICES
RETIREMENT 401K Profit Sharing Plan, on behalf
of itself and all others similarly situated,

<p style="text-align:center">Plaintiffs,</p>

<p style="text-align:center">-vs.-</p>

PAUL R. JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M. AHMED,
STEPHEN J. NILL, and SONUS NETWORKS, INC.,

<p style="text-align:center">Defendants.</p>

Civil Action No.
04-cv-10383

JEFFREY C. RODRIGUES, Individually and on
behalf of all others similarly situated,

<p style="text-align:center">Plaintiffs,</p>

<p style="text-align:center">-vs.-</p>

PAUL R. JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M. AHMED,
STEPHEN J. NILL, and SONUS NETWORKS, INC.,

<p style="text-align:center">Defendants.</p>

Civil Action No.
04-cv-10364

MICHELLE BURK, Derivatively on behalf of Sonus
Networks, Inc., A Delaware Corporation,

                    Plaintiffs,

              -vs.-

HASSAN AHMED, EDWARD T. ANDERSON,                    Civil Action No.
PAUL J. FERRI, RUBIN GRUBER, PAUL                    04-cv-10384
SEVERINO, JOHN MICHAEL O'HARA, EDWARD
N. HARRIS, STEPHEN NILL, PAUL R. JONES, and
SONUS NETWORKS, INC., A Delaware
Corporation,

                    Defendants.

BRIAN CLARK, Individually and on behalf of all
others similarly situated,

                    Plaintiff,

              -vs.-                                  Civil Action No.
                                                     04-cv-10454
PAUL R. JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M. AHMED,
STEPHEN J. NILL, and SONUS NETWORKS, INC.,

                    Defendant.

NANCY KABOOLIAN, pursuant to 28 U.S.C. §1746, declares as follows:

1.      I am an associate with the law firm of Abbey Gardy, LLP, counsel for Jeffrey Foss.  I submit this declaration, together with the exhibits annexed hereto, in support of the Jeffrey Foss' motion to consolidate all related cases, to be appointed as Lead Plaintiff and for approval of Lead Plaintiff's selection of Lead Counsel and Liaison Counsel.

2.      Annexed hereto as Exhibit A is a copy of a press release published on February 12, 2004 over the PRNewswire regarding the pendency of this action.

3.      Annexed hereto as Exhibit B is true and a correct copy Jeffrey Foss' certification setting forth his transactions in Sonus Networks, Inc. securities.

4.      Annexed hereto as Exhibit C is a chart detailing Jeffrey Foss' losses in Sonus Networks securities.

5.      Annexed hereto as Exhibit D is the firm biography of Abbey Gardy, LLP.


NANCY KABOOLIAN

Exhibit A

<MENU> to return to headlines.                    26 n Equity CN

| Search | GO | Options | Related Info | | PRN  Feb 12 2004 13:47 |
|---|---|---|---|---|---|

Cauley Geller Announces Class Action Lawsuit Against Sonus                    Page 1/5
Networks, Inc. On
Behalf of Investors

    NEW YORK, Feb. 12 /PRNewswire/ -- The Law Firm of Cauley Geller Bowman &
Rudman, LLP announced today that a class action lawsuit has been filed in the
United States District Court for the District of Massachusetts on behalf of
purchasers of Sonus Networks, Inc. (Nasdaq: SONS) ("Sonus" or the "Company")
publicly traded securities during the period between June 3, 2003 and
February 11, 2004, inclusive (the "Class Period"). A copy of the complaint
filed in this action is available from the Court, or can be viewed on the
firm's website at
http://www.cauleygeller.com/show_case.asp?ccode=244&pcode=10&pp=4 .
    The complaint charges Sonus Networks, Inc., Hassan Ahmed and Stephen Nill
with violations of Sections 10(b) and 20(a) of the Securities Exchange Act of
1934, and Rule 10b-5 promulgated thereunder. More specifically, the complaint
alleges that, throughout the Class Period, defendants issued numerous
statements to the market concerning the Company's financial results, which
failed to disclose and/or misrepresented the following adverse facts, among
others: (a) that defendants had improperly and untimely recognized revenue on
certain of the Company's customer transactions; (b) that defendants violated
Generally Accepted Accounting Principles and the Company's own internal

Australia 61 2 9777 8600          Brazil 5511 3048 4500          Europe 44 20 7330 7500          Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                 G786-27-1 30-Mar-04 10:24:57

&lt;MENU&gt; to return to headlines.                    26 n Equity CN

| Search | | GO | Options | Related Info | | PRN  Feb 12 2004 13:47 |

Cauley Geller Announces Class Action Lawsuit Against Sonus                    Page 2/5
policies regarding the timing of revenue recognition; and (c) as a result of
the foregoing, the Company's revenues, net income and earnings per share
published during the Class Period were materially false and misleading.

On February 11, 2004, after the close of regular trading, Sonus shocked
the market when it announced that the Company had identified certain issues,
practices and actions of certain employees relating to both the timing of
revenue recognized from certain customer transactions and to certain other
financial statement accounts, which may affect the Company's 2003 financial
statements and possibly financial statements for prior periods. Prior to
disclosing these adverse facts, Sonus completed a $126.14 million public
offering, and Sonus insiders sold approximately $2 million of their
personally-held shares to the unsuspecting public.

The next morning, when the market opened for trading, shares of the
Company's stock fell as low as $5.02 per share, a decline of $1.67 per share,
or 24.9%, on extremely high trading volume.

If you bought Sonus publicly traded securities between June 3, 2003 and
February 11, 2004, inclusive, and you wish to serve as lead plaintiff, you
must move the Court no later than April 12, 2004. If you are a member of this
class, you can join this class action online at
http://www.cauleygeller.com/template8.asp?pcode=6&pp=1 . Any member of the
purported class may move the Court to serve as lead plaintiff through Cauley

Australia 61 2 9777 8600        Brazil 5511 3048 4500          Europe 44 20 7330 7500          Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                      G786-27-1 30-Mar-04 10:24:58

<MENU> to return to headlines.                                    26 n Equity **CN**

| Search | | GO | Options | Related Info | | PRN  Feb 12 2004 13:47 |

Cauley Geller Announces Class Action Lawsuit Against Sonus        Page 3/5
Geller or other counsel of their choice, or may choose to do nothing and
remain an absent class member.

Cauley Geller is a national law firm that represents investors and
consumers in class action and corporate governance litigation.  It is one of
the country's premiere firms in the area of securities fraud, with in-house
finance and forensic accounting specialists and extensive trial experience.
Since its founding, Cauley Geller has recovered in excess of two billion
dollars on behalf of aggrieved shareholders.  The firm maintains offices in
Boca Raton, Little Rock and New York.

If you have any questions about how you may be able to recover for your
losses, or if you would like to consider serving as one of the lead plaintiffs
in this lawsuit, you are encouraged to call or e-mail the Firm or visit the
Firm's website at www.cauleygeller.com .

Contact:

CAULEY GELLER BOWMAN & RUDMAN, LLP

Samuel H. Rudman, Esq. or David A. Rosenfeld, Esq.

Client Relations Department:
Australia 61 2 9777 8600        Brazil 5511 3048 4500        Europe 44 20 7330 7500        Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                    6786-27-1 30-Mar-04 10:25:00

<MENU> to return to headlines.                          26 n **Equity CN**

| Search | GO | Options | Related Info | | PRN | Feb 12 2004 13:47 |

Cauley Geller Announces Class Action Lawsuit Against Sonus          Page 4/5
      Chandra West, Jackie Addison or Heather Gann
      P.O. Box 25438
      Little Rock, AR 72221-5438
      Toll Free: 1-888-551-9944
      Fax: 1-501-312-8505
      E-mail: info@cauleygeller.com

SOURCE  Cauley Geller Bowman & Rudman, LLP
     -0-                          02/12/2004
     /CONTACT:  Samuel H. Rudman, Esq. or David A. Rosenfeld, Esq., both of
Cauley Geller Bowman & Rudman, LLP, +1-631-367-7100/
     /Web site:  www.cauleygeller.com
        http://www.cauleygeller.com/show_case.asp?ccode=244&pcode=10&pp=4
           http://www.cauleygeller.com/template8.asp?pcode=6&pp=1 /
     (SONS)


CO:  Cauley Geller Bowman & Rudman, LLP; Sonus Networks, Inc.
ST:  Arkansas, New York, Massachusetts
IN:  CPR
SU:  LAW
 -0- Feb/12/2004 18:47 GMT
Australia 61 2 9777 8600        Brazil 5511 3048 4500        Europe 44 20 7330 7500        Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                           G786-27-1 30-Mar-04 10:25:02

Exhibit B

APR-01-2004 05:43 PM    CMLONIAS+TIRE                    860  749  7625              P.01

## CERTIFICATION OF LEAD PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, _Jeffrey Foss_, declare as follows:

1.    I have reviewed a copy of the complaint filed in this action.

2.    I did not purchase the security that is the subject of this action [Sonus Networks Inc. (Nasdaq: SONS)] at the direction of counsel, Abbey Gardy, LLP, or in order to participate in any private action arising under the Private Securities Litigation Reform Act (the "PSLRA").

3.    I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4.    My transactions in the security that is the subject of this litigation during the class period set forth in the complaint are as follows:

| Security (Common Stock, Call, Put, Bonds) | Transaction (Purchase/Sale) (Bought) | Quantity | Trade Date | Price Per Share/ Security |
|---|---|---|---|---|
| Stock (Sons) | 2/11/04 ($ 6.65) | 15,700 | 2/4 (AU) 2/27/04 (6.00) 2/26/04 (5.99) | (92 AU) (6.58c) (9cu) |
| Stock (Sons) | 2/11/04 (6.53) | 10,153 | 2/27/04 5.93 — (1PM) 2/13/04 5.25 — (1254) | |
| Stock (Sons) | 2/11/04 (6.48) | 4,615 | 2/25/04 5.36 — (AU) | |
| Stock (Sons) | 2/11/04 (6.53) | 5,496 | 3/1/04 6.06 — (AU) | |
| | | | | |
| | | | | |
| | | | | |

*List additional transactions on a separate sheet of paper, if necessary.  If the securities were purchased by joint owners, please provide the above information for the co-owner.

5.    I have not served as or sought to serve as a representative party on behalf of a class during the last three years.

6.    I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court or any award to me by the Court of reasonable costs and expenses (including lost wages) directly relating to my representation of the class.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  _3/31/04_            Signed: _Jeff_

Print Name:  _Jeffrey Foss_

Exhibit C

| Trades for Jeffrey Foss in Sonus Networks | | | | | |
|---|---|---|---|---|---|
| Transaction | Date | # of Shares | Price | Cost | Loss |
| Buy | 2/11/2004 | 15,700 | $6.65 | 104,405 | |
| Buy | 2/11/2004 | 10,153 | $6.53 | 66,299.09 | |
| Buy | 2/11/2004 | 4,615 | $6.48 | 29,905.20 | |
| Buy | 2/11/2004 | 5,496 | $6.53 | 35,888.88 | |
| | | | | | |
| | | | | | |
| Sell | 2/13/2004 | 8,254 | $5.75 | 47,460.50 | 7,428.60 |
| Sell | 2/20/2004 | 5,586 | $5.55 | 31,002.30 | 6,144.60 |
| Sell | 2/23/2004 | 4,615 | $5.36 | 24,736.40 | 5,622.75 |
| Sell | 2/27/2004 | 900 | $5.99 | 5,391 | 486.00 |
| Sell | 2/27/2004 | 1,899 | $5.93 | 11,261.07 | 1,139.40 |
| Sell | 3/1/2004 | 9,214 | $6.00 | 55,284 | 4,652.67 |
| Sell | 3/1/2004 | 5,496 | $6.06 | 33,305.76 | 2,583.12 |
| | | | | | $28,057.14 |

Exhibit D

# ABBEY GARDY, LLP

### Firm Résumé

**Abbey Gardy, LLP** specializes in large, complex litigation in the fields of securities, mergers and acquisitions, corporate governance, consumer class actions and antitrust violations. We have litigated cases in both state and federal courts throughout the United States. Since the early 1970s, the firm has been lead or co-lead counsel in cases resulting in millions of dollars in recoveries on behalf of investors and consumers.

Over the years many Courts have commented favorably on the quality of the legal work rendered by the firm:

> Class members were well served by experienced attorneys who, through considerable time and effort, obtained a significant recovery for their clients. – Senior United States District Court Judge John F. Nangle in **In re BankAmerica Corp. Securities Litigation.**

> [Y]ou have acted the way lawyers at their best ought to act. And I have had a lot of cases . . . in 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here . . . I would say this has been the best representation that I have seen. But I really mean that. – United States District Court Judge Wayne R. Andersen in **In re Waste Management Inc. Securities Litigation**.

> The litigation was complex in both liability and damages and required both professional skill and standing which class counsel demonstrated in abundance. – United States District Court Judge Harry D. Leinenweber in **Henry v. Sears, Roebuck & Co., et al.**

> Clearly, plaintiffs hit upon some – some very interesting facts, and they put in a lot of – a lot of time, and they did highly skilled work against highly skilled opposition . . . – Delaware Chancery Court Vice Chancellor Leo E. Strine in **In re Seagate Technology, Inc.**

> This case presents counsel performing at a level of competence, integrity and cooperation which does credit to the bar and carries out the highest traditions of the profession . . .[T]he court note[s] the high level of professionalism, creativity and diligence shown by counsel in handling this matter. – United States District Court Judge Lee Sarokin in **In re General Public Utilities Litigation**.

The professional skill required to achieve the resultant benefits to this Class has been evidenced on a nearly daily basis to this Court. As a result of this professional skill and excellent representation, these benefits to the Class would not have otherwise been achieved . . . [T]he Court finds that the benefit is unprecedented. – United States District Court Judge Thomas Pokorny in **Standard Oil Company/British Petroleum Litigation**.

We have a situation here, which is a classic example of the benefits to be derived through the class action vehicle, to have the high quality representation of the class. The reputation of counsel, Arthur N. Abbey. . . . precedes [him] to this court. . . The class was indeed fortunate to have lawyers of this caliber on this matter and the court is satisfied that the class was well represented and had the benefits of the quality of representation that would not have otherwise been available if the class action vehicle had not been used. United States District Court Judge Peter K. Leisure in **In re Allstar Inns Securities Litigation**.

## PROMINENT CASES

Since the early 1970s, this firm has been lead or co-lead counsel in cases resulting in recoveries in excess of $1 billion on behalf of investors. Among the more prominent of these cases are:

In re BankAmerica Corp. Securities Litigation, MDL No. 1264 (E.D. Mo.) ($490 million recovery);

In re Waste Management, Inc. Securities Litigation, Master File No. 97-C-7709 (N.D. Ill.) ($220 million recovery);

In re Petro-Lewis Securities Litigation, No. 84-C-326, (D. Colo.) ($100 million recovery);

In re Chambers Development Securities Litigation, 92 Civ. 0679 (W.D. Pa. 1995) ($95 million recovery);

In re Wedtech Corp. Securities Litigation, 86 Civ. 8628 (S.D.N.Y.) ($77.5 million recovery);

In re IDB Communications Group, Inc. Securities Litigation, Master File No. CV 94-3618 (C.D. Cal.) ($75 million recovery);

In re Westinghouse Securities Litigation, No. 91-354 (W.D. Pa.) ($67.5 million recovery);

In re Natl. Health Laboratories Securities Litigation, CV-92-1949 (S.D. Cal.) ($64 million recovery);

In re Natl. Med. Enter. Securities Litigation, CV-91-5452-TJH (C.D. Cal.) ($60.7 million recovery);

In re Salomon, Inc. Securities Litigation, Nos. 91 Civ. 5442, 91 Civ. 5471, (S.D.N.Y.) ($54.5 million recovery);

In re Integrated Resources Securities Litigation, Master File No. 89 Civ. 4255 (S.D.N.Y.) ($54 million recovery);

In re LILCO Securities Litigation, No. 84 Civ. 0588 (E.D.N.Y.) ($48.5 million recovery);

In re Coram Healthcare Corp. Securities Litigation, Master File No. 95-N-2074 (D. Colo.) ($47 million recovery);

In re Bausch & Lomb Inc. Securities Litigation, No. 94-CV-6270 (W.D.N.Y.) ($42 million recovery);

In re Crazy Eddie Securities Litigation, 87 Civ. 0033 (E.D.N.Y. 1994) ($42 million recovery);

Steiner v. Aurora Food, Inc., et al., No. C-00-602-COO (N.D. Cal.) ($36 million recovery);

In re Leslie Fay Cos. Securities Litigation, No. 92 Civ. 8036 (S.D.N.Y.) ($35 million recovery);

In re PaineWebber Short Term U.S. Gov't Income Fund Securities Litigation, No. 94-CV-3820 ($36 million recovery);

In re Consumers Power Co. Securities Litigation, No. 83-CV-6488 (E.D. Mich.) ($33 million recovery);

Demint v. Nationsbank Corp., Nos. 94-995-CIV-T-23E, 94-2094-CIV-T-24, (M.D. Fl.) ($30 million recovery);

In re Tucson Electric Power Co. Securities Litigation, No. 89-1274 (D. Ariz.) ($30 million recovery);

In re Nextel Communications Securities Litigation,. No. 94-4123 (D.N.J.) ($27 million recovery);

In re Sun Healthcare Group, Inc. Securities Litigation, Master File No. 95-7005 ($24 million recovery);

In re Caterpillar, Inc. Securities Litigation, Nos. 90-1238, 90-1242 (C.D. Ill.) ($23 million recovery);

In re General Public Utilities Securities Litigation, No. 79-1420 (D.N.J.) ($23 million recovery);

In re Prime Motor Inns Securities Litigation, Master File No. 90-87) (D.N.J.) ($21.6 million recovery);

In re Englehard Corp. Securities Litigation, No. 95-5172 (D.N.J.) ($21.5 million recovery);

In re Riscorp Inc. Securities Litigation, No. 96-2374 CIV-T-23A (M.D. Fl.) ($21 million recovery);

In re Middle South Utilities Securities Litigation, C.V. No. 85-3681 (E.D. La.) ($21 million recovery);

In re Sunrise Med. Inc. Securities Litigation, Master File No. C-95-3605 ($20 million recovery);

In re Datapoint Securities Litigation, C.A. No. SA-82-C.A. 3348 ($22 million.).

The firm's reputation for excellence and creativity in the area of director liability for breach of fiduciary duty and corporate governance are demonstrated by cases such as:

In re Seagate Technology, Inc. Securities Litigation, C.A. No. 17932-NC, Delaware Court of Chancery ($200 million increase in purchase price);

In re AXA Financial, Inc. Shareholders Litigation, C.A. No. 18268-NC, Delaware Court of Chancery ($631 million increase in purchase price);

In re Warner-Lambert Company Shareholders Litigation, C.A. No. 17519-NC Delaware Court of Chancery (litigation enriched Warner's shareholders by $20 billion through a superior merger);

In re Cyprus Amax Minerals Company Shareholder Litigation, C.A. No. 17383-NC, Delaware Court of Chancery ($900 million benefit to shareholders);

Lang v. The Reader's Digest Association, Inc., et al, C.A. 19574-NC, Delaware Court of Chancery ($21 million increase to shareholders in recapitalization);

In re Aqua Alliance, Inc. Securities Litigation, C.A. No. 17085-NC, Delaware Court of Chancery ($28 million increase in purchase price);

In re Travelers Property Casualty Corp. Securities Litigation, C.A. No. 17902-NC, Delaware Court of Chancery ($25.7 million increase in purchase price);

In re SFX Entertainment Inc. Securities Litigation, C.A. No. 17818-NC, Delaware Court of Chancery ($34.5 million increase in purchase price);

Kahn v. Alamito, Case No. 229012, Sup. Ct., State of Ariz., Pima County ($95 million benefit to shareholders);

In re RJR Nabisco, Inc. Securities Litigation, C.A. No. 10389 Delaware Court of Chancery ($55 million increase in purchase price);

In re Liberty Media Corp. Securities Litigation, C.A. No. 13168 Delaware Court of Chancery ($44 million increase in purchase price);

In re Fort Howard Corp. Securities Litigation, C.A. No. 9991 Delaware Court of Chancery ($13.4 million increase in purchase price);

Appleby v. Rexel, Inc., Consol. No. 97-115715, New York Supreme Court ($38 million);

In re Waste Management, Inc. Shareholder Derivative Litigation, C.A. No. 17313, Delaware Court of Chancery ($24.6 million benefit);

In re Morrison Knudson Corporation Derivative Litigation, C.A. No. 14032, Delaware Court of Chancery (corporate governance changes that the board would be comprised of non-employee directors and new directors and old board required to surrender of significant retirement benefits);

In re Paramount Communications, Inc. Securities Litigation, C.A. No. 13117, Delaware Court of Chancery (shareholders received an additional $2 billion);

Joseph v. Shell Oil Co., 501 A.2d 409 (Del. Sup. 1985) ($200 million shareholder recovery);

Carmody v. Toll Brothers, Inc., 723 A.2d 1180 (Del. Ch. 1988) (Successfully challenged "dead hand" poison pill); and

In re Metro Mobile CTS, Inc. Securities Litigation, C.A. No. 12360, Delaware Court of Chancery ($51 million);

Abbey Gardy has also been highly successful in the area of consumer protection including:

Henry v. Sears, Roebuck & Co., No. 98 C 4110 (N.D. Ill.) ( $156 million settlement on behalf of Sears Credit card holders, representing approximately 66% of all class members damages distributed automatically to each class member without filing a proof of claim form); and

Kropinski v. Johnson & Johnson, Docket No. L-8886-96, New Jersey Superior Court.

## THE FIRM'S LAWYERS

**ARTHUR N. ABBEY** (Partner) Mr. Abbey has lectured or served as a panel member in the following seminars: 2004 PLUS D&O Liability & Insurance Issues Symposium on "An Overview of the Securities Litigation Landscape." 2003 ABA Conference on "Pension Plans and Investment Banks: In the Cross Hairs of ERISA and Securities Law," 2003 Second Circuit Judicial Conference; 2003 PLUS Seminar on D&O Liability & Insurance Issues, January 2003 P.L.I. seminar "Contests for Corporate Control, 2002 AIG National Union Seminar "The Changing Landscape of Financial Reporting and Corporate Governance Panel;" 2002 Trowel Trades Trust Fund Educational Conference "Post-Enron: The Importance of Being an Active and Informed Trustee." 2002 NERA Securities Litigation Seminar "Challenging The Traditional Thinking in Securities Class Actions"; 2002 PLUS seminar on D&O Liability & Insurance Issues; 2002 Federal Bar Counsel's Winter Bench & Bar Panel "Developments Under the New PSLRA of 1995"; January 2002 P.L.I. seminar "Contests for Corporate Control"; November 2001 Glasser Legal Works panel on New Developments in Shareholder Litigation; May 2001 Association of the Bar of City of New York panel on Current Issues in D&O and Professional Liability Insurance; March 2001 Council of Institutional Investors' panel on Pension Funds and Litigation 2001; 2000 PLUS seminar on D&O Liability & Insurance Issues; December 2000 Glasser Legal Works seminar on Litigation & Resolution of Complex Class Actions; July 2000 ABA Annual Meeting – Panel on "Protecting Mergers And Acquisitions-When Is A Deal Really A Deal?"; January 2000 P.L.I. seminar on Contests for Corporate Control-Directors' Fiduciary Duties in a Takeover; 1999 PLUS D&O Liability & Insurance Issues Symposium on "Legal Developments and Trends in Securities Fraud Litigation"; 1998 Glasser LegalWorks Seminar on Litigation & Resolution of Complex Class Actions; 1998 Plus International Conference on the Effect and Future of the Private Securities Law Reform Act of 1995; October, 1998 TIX Seminar Series for Insurance Professionals on Director's & Officer's Liability; July, 1998 Annual Meeting of the ABA Section of Business Law on the Subject of Mergers and Acquisition Transactions; May, 1998 Chubb Group Executive Protection Seminar on Litigation Issues; February, 1998 Federal Bar Counsel Winter Bench & Bar Conference's

Roundtable on Law Ethics; January, 1998 P.L.I. seminar on Contests for Corporate Control - The New Environment; January, 1998 PLUS seminar on D&O Liability & Insurance Issues; November, 1997 Professional Liability Underwriting Society's 1997 International Conference; September, 1997 Glasser LegalWorks seminar on Litigation and Resolution of Complex Class Actions; September, 1997 Chubb Group seminar on D&O Advanced Training; January, 1997 P.L.I. seminar on Contests for Corporate Control - The New Environment; October/November 1996 P.L.I. seminar on Litigation Under The Private Securities Litigation Reform Act of 1995 and SEC Enforcement Developments; August 1996, ABA Section of Business Law on "Counseling Your Board through An M&A Transaction"; February 1996 P.L.I. seminar on "Sweeping Reform, Litigating and Bespeaking Caution Under New Securities Law"; January, 1996 Securities Fraud Seminar on the Private Securities Litigation Reform Act of 1995; January 1996 Glasser Legal Works Seminar on Class and Derivative Litigation in the Reform Era; January 1996 P.L.I. seminar on Contests for Corporate Control; January, 1995 P.L.I. seminar "Mergers and Acquisition in the 1990's - Step by Step Guide"; October 1994/November, 1994 Prentice Hall "Fifth Annual Institute:  Class & Derivative Litigation in 1990's -- Post-Recession Battleground"; April, 1994 ABA Panel "Revolution or Evolution"; July, 1994 Prentice Hall 14th Institute on Acquisition and Takeovers; February 1994, Investment Management Institute and Investors Fiduciary Services on Corporate Governance; June, 1990, ALI-ABA University of Virginia Law School co-sponsored practice workshop entitled "Trial of a Securities Case"; April, 1990, P.L.I. seminar "Taking Depositions"; October 1988, P.L.I. Panel on securities litigation; October, 1987 Annual Meeting of the ABA Section of Litigation on the Subject of Statistical Evidence at Trial and Pretrial; February 1983 Practicing Law Institute seminar on Federal Civil Litigation; February, 1985 Practicing Law Institute seminar on Federal Securities Class Actions.

Mr. Abbey is presently Chairman of the Board of Trustees of New York Law School. Mr. Abbey has also served as a Trustee of the Federal Bar Counsel.

Mr. Abbey received his B.A. from Hofstra University in 1957, his L.L.B. from New York Law School in 1959, and his M.B.A. from New York University Graduate School of Business Administration in 1961.  He is admitted to the Bar of the State of New York, United States District Courts for the Southern and Eastern Districts of New York and the Fifth, Seventh, Tenth and Eleventh Circuit Courts of Appeals.

**MARK C. GARDY** (Partner) Mr. Gardy joined the firm in 1984 and has devoted his career to securities class actions and shareholder derivative cases.  Mr. Gardy has served on panels for the Council of Institutional Investors and on a panel on D&O Liability Insurance for the American Conference Institute.  He has been featured on CNBC's Squawk Box and in The New York Times.  In recent years, Mr. Gardy has concentrated his efforts on new case development and serving as the principal liaison to the firm's clients.

Mr. Gardy's accomplishments include In re Waste Management, Inc. Securities Litigation, Inc., where, as one of the plaintiffs' co-lead counsel, a recovery of $220 million was obtained.  In In re Paramount Communications, Inc. Shareholder Litigation, Mr. Gardy was one of the plaintiffs' co-lead counsel in the hostile battle between Viacom, Inc. and QVC Network for Control of Paramount Communications, Inc. As a result of plaintiffs' efforts, the public

shareholders of Paramount Communications received $80 per share, well in excess of the original $69 per share offer.

Mr. Gardy received his B.A. from Rutgers University in 1981, where he graduated Phi Beta Kappa, with high honors. He received his J.D, cum laude, from New York Law School in 1984. He is admitted to the Bar of the State of New York, the State of New Jersey, the United States District Courts for the Southern and Eastern Districts of New York and the District of New Jersey.

**JILL S. ABRAMS** (Partner) Ms. Abrams is a member of the Association of Trial Lawyers of America and served as a judge in its 2002 Student Trial Advocacy Competition. She is a member of the Mergers and Acquisitions Committee of the Association of the Bar of the City of New York. Ms. Abrams has lectured or served on various panels, including the February 1998 and September 1998 Practicing Law Institute seminars on "Understanding, Preventing and Litigating Year 2000 Issues" (Disclosure Requirements and Director and Officer Liability), the 1998 American Bar Association Securities Litigation and Arbitration Faculty (Deposing Expert Witnesses), the 1998 Securities Institute II, and the 2002 Glasser Legal Works Complex Class Action faculty. She previously served on the Young Lawyers' Committee of the Association of the Bar of the City of New York, and has served as a judge in the National Moot Court Competition sponsored by that committee since 1992.

Ms. Abrams is the lead attorney in P. Schoenfeld Asset Management LLC v. Cendant Corp. et al., C.A. No. 98-4734 (WHW). Abbey Gardy represents American Bankers Insurance ("ABI") shareholders suing Cendant corp. and its officers and directors for their misrepresentation, in proxy materials and other public statements disseminated in connection with the proposed merger of Cendant and ABI. After the District Court dismissed the case, Ms. Abrams appealed to the Third Circuit. The Third Circuit decision broke new legal ground enabling merger rights shareholders to sue an acquiror for violating the federal securities laws.

Ms. Abrams received her B.S. from the University of Vermont in 1978, and her J.D. from Antioch School of Law in 1981. She is admitted to the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, and the Second and Third Circuit Courts of Appeals.

**KARIN E. FISCH** (Partner) Ms. Fisch received her A.B. from Cornell University, College of Arts and Sciences in 1988, and her J.D. from Fordham University School of Law in 1992, where she was Managing Editor of the Fordham Urban Law Journal. She is admitted to the Bar of the State of New York and the United States District Court for the Southern District of New York.

**JAMES S. NOTIS** (Partner) Mr. Notis joined the firm in 1996 and became a Partner in 2001. Mr. Notis primarily focuses in the areas of securities fraud class actions and mergers and acquisitions litigation. He has litigated numerous cases resulting in multi-million dollar recoveries for investors, including In re BankAmerica Corp. Securities Litigation ($490 million), In re Waste Management Securities Litigation ($220 million), In re SFX Entertainment, Inc. Shareholders Litigation ($34.5 million), In re Travelers Property Casualty Corp. Shareholders

Litigation ($25.7 million) and Lang v. The Readers' Digest Association, Inc. ($21 million).

Mr. Notis received his B.A. from Brandeis University in 1991 and his J.D. from Benjamin N. Cardozo School of Law in 1994. He is admitted to the Bar of the State of New York, the State of New Jersey, the United States District Courts for the Southern and Eastern Districts of New York and the District of New Jersey.

**PAUL O. PARADIS** (Partner) has over 12 years of experience practicing law in New York City. He has developed an expertise in securities class actions and shareholder derivative cases.

Mr. Paradis currently serves as counsel to Tokyo, Japan based Nikko Asset Management Co., Ltd. and Sapporo, Japan based Hudson Soft Co., Ltd., in litigations involving their collective loss of more than $150 million in connection with their purchases of credit linked notes issued by certain of the investment banks involved in the Enron scandal.

Mr. Paradis' accomplishments include In re Salomon Treasury Litigation, 91 Civ. 5471, a securities fraud and antitrust class action arising out of Salomon Brothers' 1991 attempt to corner the market for two year treasury securities. The Salomon litigation was successfully resolved on behalf of a class comprised of largely institutional investors and financial institutions. The efforts by Mr. Paradis and his team resulted in a $100 million recovery for class members.

Mr. Paradis' most recent success was Danis v. USN Communications, Inc., et al., 98 C 7482 (SBC), a securities fraud class action brought against USN Communications, a start-up "Competitive Local Exchange Carrier," based in Chicago. After nearly 2 years of intense litigation Mr. Paradis and his co-counsel obtained a $44.7 million settlement for the class of USN shareholders, which resulted in a recovery of nearly 50% of their estimated aggregate losses from a bankrupt entity.

Mr. Paradis managed the litigation team that represented seat owners on the American Stock Exchange ("AMEX") in connection with the National Association of Securities Dealers, Inc.'s ("NASD") merger with the AMEX (Phillipson v. American Stock Exchange, et al., 98 Civ. 4219 (DC)). As a result of this litigation, seat owners on the AMEX received an immediate $30 million benefit in addition to a multi-million dollar payout over a ten year period.

Mr. Paradis joined Abbey Gardy, LLP in 2001 as a Partner. In 1998, he joined Wolf Popper LLP as a Partner and became a Senior Partner of the firm in 2001. He began his law career at Pomerantz Haudek Block & Grossman, as an Associate and became a Partner of the firm in 1996. Prior to practicing law, Mr. Paradis was employed as a portfolio manager at a major Wall St. financial institution.

Mr. Paradis is admitted to the Bar of the State of New York, the State of New Jersey, the United States District Courts for the Southern and Eastern Districts of New York, District of New Jersey, and Eastern District of Michigan. He received his B.S., from Bentley

College in 1986, and his J.D., cum laude, from New York Law School in 1990, where he was a member of the New York Law School Law Review.

**STEPHEN T. RODD** (Partner) Mr. Rodd has lectured or served as a panel member in numerous seminars, including the PLI Consumer Financial Services Litigation seminar (May 1998), the ACI D&O Liability Conference (May 2000), the NIRI Southwest Regional Conference panel on SEC Regulation (September 2000)) and the PLI conference on Hot Securities Issues in a Down Economy (July 2002).

During twenty-five years with firm, Mr. Rodd has specialized in the litigation of complex class actions and derivative securities cases in federal and state courts throughout the country, including participating on the lead plaintiffs' counsel teams in the Crazy Eddie, Wedtech, General Public Utilities, Middle South Utilities, Coated Sales, NationsBank and BankAmerica class action litigations, which have to date resulted in recoveries to plaintiff class members of over $280 million.

Mr. Rodd received his J.D. Degree in 1974 from New York University Law School, where he was a Root-Tilden Scholar and an Editor of the Journal of International Law and Politics. The University of Kansas is his undergraduate alma mater, where he received his B.A. degree in 1969. He is a member of the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, and the Second, Fifth and Sixth Circuit Courts of Appeals.

Mr. Rodd, along with Mr. Notis were plaintiffs' co-lead counsel in In re BankAmerican Corp. Securities Litigation, which resulted in a $490 million settlement. Abbey Gardy was lead counsel on behalf of the BankAmerica classes which received $156 million of the $490 million settlement.

**JOSHUA N. RUBIN** (Partner) Mr. Rubin joined the firm in 1985 and became a Partner in 1992. Since joining the firm, Mr. Rubin's practice areas include corporate, securities, antitrust, and consumer class action litigation. He has served as a lead counsel in many class actions, notably including Kahn v. Alamito, In re IDB Communications Group, Inc. Securities Litigation, In re Chambers Development Group Securities Litigation, In re Westinghouse Securities Litigation, In re Nine West Shoes Antitrust Litigation, and In re Cyprus Amax Minerals Company Shareholders Litigation.

Mr. Rubin's recent successes in ongoing matters include the following:

In the United States District Court for the Southern District of New York and, on appeal, in the United States Court of Appeals for the Second Circuit, Mr. Rubin obtained a summary adjudication against America Online and Netscape Communications Corporation limiting an internet software publisher's power to impose an End User License Agreement on users of its software. Specht v. Netscape Communications Corp., 150 F. Supp. 2d 585 (S.D.N.Y. 2001), affirmed 306 F.3d 17, (2d Cir2002).

In an appeal heard by New York State's highest court, Mr. Rubin obtained a decision holding that claims that Bell Atlantic (now Verizon) had misrepresented its Digital Subscriber Line ("DSL") services were not barred by contractual disclaimers and a 30-day money-back trial period. Scott v. Bell Atlantic, 98 N.Y.2d 314, 746 N.Y.S.2d 858, 774 N.E.2d 1190 (N.Y. 2002), modifying Scott v. Bell Atlantic, 282 A.D.2d 180, N.Y.S.2d 60 (1st Dep't 2001).

In an adversary proceeding before the Federal Communications Commission, Mr. Rubin obtained a Declaratory Order determining that AT&T and MCI (now WorldCom) had violated Section 201(b) of the Communications Act, 47 U.S.C. § 201(b), by misleading their customers in connection with providing Long-Distance Directory Assistance. Himmelman v. MCI Corp., Oh v. AT&T, 2002 WL 416864 (F.C.C.) (March 19, 2002).

Mr. Rubin's recent successes in concluded matters include:

In re Nine West Shoes Antitrust Litigation, in which Mr. Rubin instituted and co-led a price-fixing class action on behalf of purchasers of shoes sold by Nine West and its affiliates. The action alleged a combination of vertical and horizontal price-fixing and resulted in a decision imposing per se price-fixing liability despite the fact that the defendants only had a twenty percent market share. In re Nine West Shoes Antitrust Litigation, 80 F. Supp. 2d 181 (S.D.N.Y. 2000). As a result of that decision, Nine West entered into an agreement with the Attorneys General of all 50 States and all United States Territories to settle the price-fixing claims for $54 million, to be distributed to women's groups throughout the country.

In re Westinghouse Securities Litigation, in which Mr. Rubin managed and co-led the litigation team representing a class of purchasers of Westinghouse securities. The action resulted in a recovery of $67.5 million for the class. See, e.g., In re Westinghouse Securities Litigation, 90 F.3d 696 (3d Cir. 1996); In re Westinghouse Securities Litigation, 1998 WL 119554 (W.D. Pa. March 12, 1998).

Mr. Rubin received his B.A. from the State University of New York at Buffalo in 1979, and his J.D. from Boston University School of Law in 1984. He is admitted to the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, the Northern District of California and the District of Arizona, and the Second and Fourth Circuit Courts of Appeals.

JUDITH L. SPANIER (Partner) Ms. Spanier joined Abbey Gardy in 1985 and became a Partner in 1992. Since joining the firm, she has specialized in the litigation of complex class actions and derivative securities cases in federal and state courts throughout the country, including participating on the plaintiffs' lead counsel teams in the In re Consumers Powers Co. Securities Litigation, Wedtech, In re Tucson Electric Power Co. Securities Litigation and In re Engelhard Corp. Securities Litigation class action litigation.

Ms. Spanier has also served on the lead counsel teams in a number of derivative cases including, for example, cases brought on behalf of In re Waste Management, Inc. Shareholder Derivative Litigation and Starwood Hotels and Resorts Worldwide, Inc. as well as on several large consumer class actions including Henry v. Sears, Roebuck.

Ms. Spanier received her B.A. from Cornell University, College of Arts and Sciences in 1975, and her J.D. from New York University School of Law in 1978. She is admitted to the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the Second, Ninth and Tenth Circuit Courts of Appeals

**STEPHANIE AMIN-GIWNER** (Associate) Ms. Amin-Giwner received her B.A., cum laude with honors, from Brandeis University in 1995 and her J.D., magna cum laude, from American University, Washington College of Law in 1998. She is admitted to the Bar of the State of Maryland and the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**CHARLES H. DUFRESNE, JR.** (Associate) Mr. Dufresne received his B.A. from Emory University in 1998, his J.D. from New York Law School in 2002 and is currently enrolled in Fordham University's International Executive M.B.A. program. Mr. Dufresne has been appointed to Phi Kappa Phi, an honors society recognizing excellence in higher education. Mr. Dufresne is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York and is awaiting admission in Washington D.C.

**NANCY KABOOLIAN** (Associate) Ms. Kaboolian received her B.A. from the State University College of New York at Fredonia in 1979 and her J.D. from New York Law School in 1989. She is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York. Ms. Kaboolian joined the firm immediately after graduating law school and has been litigating complex securities class actions since 1989.

**EVAN J. KAUFMAN** (Associate) Mr. Kaufman received his B.A. from The University of Michigan in 1992 and his J.D. from Fordham University School of Law in 1995, where he was a member of the Fordham International Law Journal. He is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York. Prior to joining the firm, Mr. Kaufman co-founded and served as Chairman and CEO of bCorner.com, Inc., an online loyalty solutions company. From September 1996 to March 2000, Mr. Kaufman was employed as a financial advisor by two major Wall Street firms.

**RICHARD B. MARGOLIES** (Associate) Mr. Margolies received his B.S. from Lehigh University, College of Business and Economics in 1996, and his J.D. from New York Law School in 2001. He is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**GINA M. TUFARO** (Associate) Ms. Tufaro received her B.A., magna cum laude from Rutgers University in 1999 and her J.D., magna cum laude, from New York Law School in 2002 where she served as Managing Editor of The Journal of Human Rights. Ms. Tufaro is admitted to the Bar of the State of New York.

Ms. Tufaro is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York. Published works include: Will Carnivore Devour the Fourth? An Exploration Into the Constitutionally of the FBI - Created Program, 18 N.Y.L.J. Hum. Rts. 305.

**HENRY J. YOUNG** (Associate) Mr. Young received his B.A. from the University of Sheffield (U.K.) in 1995 and his J.D. from the William Mitchell College of Law in 2000 where he was awarded a Founders Scholarship and the J.F.K. Scholarship for Dedication to Public Service. Mr. Young joined Abbey Gardy, LLP in 2004 and specializes in complex securities class action litigation. Prior to joining Abbey Gardy, LLP, Mr. Young was an associate at the law firm of Goodkind Labaton Rudoff & Sucharow, LLP. Mr. Young is admitted to the Bar of the State of New York and the United States District Court for the Southern District of New York.

**MEAGAN A. ZAPOTOCKY** (Law Clerk) Ms. Zapotochy received her B.A. from Eastern Illinois University in 1993 and her J.D., cum laude, from New York Law School in 2003. Ms. Zapotocky is awaiting admission to the New York State Bar.